CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 28 2018

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

KAREN J. GARRIS,  )
      Plaintiff,  )  Case No. 5:17-cv-39
v.  )
933387 ONTARIO LTD., et al.,  )
      Defendants.  )  By: Michael F. Urbanski
  )  Chief United States District Judge

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's motion in limine, filed on November 9, 2018, requesting that she be allowed to file a supplemental interrogatory response to matters involving her left ankle, right knee, and right shoulder. Specifically, Plaintiff requested permission to testify "to the proximate cause issues regarding the injuries to her ankle, right knee, and right shoulder." ECF No. 92. On November 12, Plaintiff filed a supplemental memorandum in support of the motion, citing Sumner v. Smith, 220 Va. 226 (1979) and its progeny to support her right to testify as to causation. ECF No. 96. For the reasons explained below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

Sumner held that medical testimony "is not a prerequisite to recovery," and that "the testimony of the plaintiff alone ... presented a jury issue as to causal connection." 220 Va. at 226. Sumner, however, was decided by the Virginia Supreme Court, and thus its principles govern state law. This court is a federal district court which, when sitting in diversity, applies state substantive law and federal procedural law. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). See Stonehocker v. General Motors Corp., 587 F.2d 151, 154 (4th Cir.1978). The Federal

Rules of Evidence are "beyond argument" procedural and thus control unless a state evidentiary rule either "embodies or is closely tied to a state substantive policy." Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109 – 10 (4th Cir. 1995).

There is no controlling authority concerning whether Sumner's policy meets this criteria. The court need not address this question. Sumner requires only that a plaintiff be permitted to testify factually as to what that plaintiff experienced. 220 Va. at 226. It does not permit testimony of an expert, medical nature from a lay plaintiff, and Rule 701 of the Federal Rules of Evidence disallows any evidence from a lay witness based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

Plaintiff Karen Garris may testify to the April 22, 2015 collision, what she experienced during and after this collision, her physical state before the collision, and the pain she experienced after. She may say that she had no pain before the collision and experienced pain following it. She may not offer any testimony attempting to show medical causation.

An appropriate order will be entered this day.

Entered: November 27, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

2